■ DAVID W. PECK, JR., Respondent, v HEIDRICK AND STRUG-GLES, INC., Appellant.—Order, Supreme Court, New York County (David B. Saxe, J.), entered March 25, 1991, which denied defendant's motion to dismiss the complaint for failure to state a cause of action is unanimously affirmed, with costs.

Plaintiff was an employee/director of defendant corporation. He alleges that in August 1988, he agreed to resign his position in consideration of defendant's promise to pay him a bonus for 1988 to be calculated by imputing his third quarter billings to the fourth quarter. The resignation became effective September 30, 1988, but defendant never paid the bonus. Plaintiff then instituted this lawsuit for breach of contract and fraudulent inducement to enter into a contract.

We agree with IAS that the complaint states causes of action on both of these theories. Defendant denies having entered into the alleged termination agreement, and asserts that it has a discretionary policy with respect to bonuses, but this simply raises an issue of fact, the merits of which are not to be considered on a CPLR 3211 (a) (7) motion. Defendant also contends that no consideration was given for the alleged termination agreement inasmuch as plaintiff was an em-ployee-at-will. However, plaintiff asserts he was also a director of defendant, and, as such, could not be terminated unless a majority of shareholders voted to do so, and that by agreeing to resign, he saved defendant the "turmoil and burden" of termination procedures, which might not have been successful and which also might have had an adverse impact on corpo-rate morale. If true, plaintiff's resignation was not a gratu-itous act, and constituted legal consideration for defendant's alleged promise to pay him a bonus. The fraudulent induce-

ment claim is sufficiently pleaded for the reasons stated by IAS. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.